HETT, Appellant, v. PLOETZ, Respondent.

*April 3—April 30, 1963.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent there was a brief and oral argument by *Robert G. Polasek* of Cudahy.

Briefs *amici curiae* were filed by *Hart, Kraege, Jackman & Wightman* and *F. Halsey Kraege,* all of Madison, for the Wisconsin Education Association, and by *Irving P. Mehigan* of Milwaukee, for the Milwaukee Suburban Council of Teachers' Associations.

GORDON, J. The plaintiff contends that he was libeled by the defendant's response to an inquiry from a prospective employer of the plaintiff. Hett had not only given Ploetz's name as a reference but had also given express permission to the prospective employer to communicate with Ploetz.

We must resolve two questions. The first is whether any privilege insulates the defendant's letter; the second is whether an issue of malice exists for trial.

### Conditional Privilege.

It is clear that Ploetz's allegedly defamatory letter was entitled to a conditional privilege. Ploetz was privileged to give a critical appraisal concerning his former employee so long as such appraisal was made for the valid purpose of enabling a prospective employer to evaluate the employee's qualifications. The privilege is said to be "conditional" because of the requirements that the declaration be reasonably calculated to accomplish the privileged purpose and that it be made without malice. *Hoan v. Journal Co.* (1941), 238 Wis. 311, 328, 298 N. W. 228; *Rude v. Nass* (1891), 79 Wis. 321, 329, 48 N. W. 555. Restatement, 3 Torts, p. 252, sec. 595.

In *Rude v. Nass, supra,* at page 328, the following statement of Massachusetts' Mr. Chief Justice SHAW is quoted approvingly:

" 'Where words imputing misconduct to another are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, *or* where they are spoken

in good faith to those who have an interest in the communication, and a right to know and act upon the facts stated, no presumption of malice arises from the speaking of the words, and therefore no action can be maintained in such cases without proof of express malice.' "

Lord BLACKBURN has said:

" 'Where a person is so situated that it becomes right in the interests of society that he should tell to a third person facts, then, if he *bona fide* and without malice does tell them, it is a privileged communication.' " See *Rude v. Nass, supra,* page 329.

The public-school official who expresses an opinion as to the qualifications of a person who has submitted an application for employment as a schoolteacher should enjoy the benefits of a conditional privilege. See Anno. 136 A. L. R. 543, 549.

### The Absence of Malice.

As previously noted, the employee had given Ploetz's name as a reference and had authorized that an inquiry be made of him. The letter contains certain factual matters as well as expressions of opinion. The factual portions are not contradicted by any pleading before this court. Thus, the following statement contained in the letter written by Ploetz stands unchallenged:

"Last year, our six principals and elementary co-ordinator unanimously recommended that he be no longer retained in our system as a speech correctionist. He, therefore, was not offered a contract to return this year."

The expression of opinion of which Hett complains is contained in the following portion of the defendant's letter:

"We feel that Mr. Hett was not getting the results that we expected in this very important field. I, personally, feel that Mr. Hett does not belong in the teaching field. He has a rather odd personality, and it is rather difficult for

him to gain the confidence of his fellow workers and the boys and girls with whom he works."

In our opinion, the record before us establishes that this expression of opinion is not founded in malice. The background of the relationship of Hett and Ploetz satisfactorily demonstrates that the latter's negative recommendation was grounded on the record and not upon malice. Ploetz was not an intermeddler; he had a proper interest in connection with the letter he wrote.

The letter in question did not exceed the scope of the inquiry put to Ploetz by the prospective employer. The evidentiary facts which have been included in this record tend to show that the statements in Ploetz's letter were based upon matters within the latter's knowledge. The record discloses that six school principals had in fact submitted the report to which Ploetz's letter referred; their report was critical of Hett's professional and personal qualifications. The report was submitted to Ploetz approximately nine months before the letter in question, and it recommended that Hett not be retained as speech therapist in the Cudahy school system for the following stated reasons:

"1. He lacks professional competence.
"2. His teaching is ineffective.
"3. He shows immaturity for the work.
"4. His unprofessional relationships with the students.
"5. He has not arranged for parent conferences."

Although Ploetz had previously favored Hett's retention, it does not follow that the subsequent letter to Southern Colony was based upon malice. The same would apply to Ploetz's recommendation of Hett for a permanent teacher's certificate. Earlier acts of kindness toward Hett do not warrant an inference of bad faith upon the occasion of a later, unfavorable comment.

We are persuaded that Ploetz's motion for summary judgment was properly granted. Ploetz's affidavits and ac-

companying documents demonstrate that there is a complete defense to the plaintiff's claim of libel. The plaintiff has not evidenced the presence of malice in connection with the challenged writing.

The plaintiff has failed to recite any evidentiary facts which are sufficient to raise questions for trial. His allegations that the letter contains defamatory material are mere conclusions. No presumption of malice has arisen; no showing of express malice has been presented.

In *Otten v. Schutt* (1962), 15 Wis. (2d) 497, 503, 113 N. W. (2d) 152, this court stated:

"The law relating to defamatory communications is based on public policy. The law will impute malice where a defamatory publication is made without sufficient cause or excuse, or where necessary to protect the interests of society and the security of character and reputation; but where the welfare of society is better promoted by a freedom of expression, malice will not be imputed. Anno. 63 A. L. R. 1113. See also *Flynn v. Western Union Telegraph Co.* (1929), 199 Wis. 124, 225 N. W. 742."

Public policy requires that malice not be imputed in cases such as this, for otherwise one who enjoys a conditional privilege might be reluctant to give a sincere, yet critical, response to a request for an appraisal of a prospective employee's qualifications.

A summary judgment should be granted when it is clear that there is no substantial issue for trial. *Maroney v. Allstate Ins. Co.* (1961), 12 Wis. (2d) 197, 201, 202, 107 N. W. (2d) 261; *Phillips Petroleum Co. v. Taggart* (1955), 271 Wis. 261, 270, 73 N. W. (2d) 482. A thorough examination of the entire record compels our conclusion that the respondent is entitled to the benefit of a conditional privilege.

*By the Court.*—Judgment affirmed.