**Mylene Rae ZERR, Plaintiff,**

v.

**Nancy Jo JOHNSON, Defendant.**

**No. Civ. A. 92–K–2148.**

United States District Court, D. Colorado.

July 28, 1995.

Themia E. Sandven, Denver, CO, for plaintiff.

Robert A. Weinberger, Weinberger & Kanan, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This defamation action is before me on defendant Nancy Jo Johnson's motion to dismiss for lack of subject matter jurisdiction. As a public school principal and state employee, Johnson contends both that her statements about plaintiff Mylene Rae Zerr were privileged and that Zerr's claims are barred by the Colorado Governmental Immunity Act ("GIA"), Colo.Rev.Stat. §§ 24–10–101 *et seq.* Zerr argues the GIA is inapplicable because Johnson's actions fall within the exception for "willful and wanton" or, if the GIA is applicable, that she satisfied its 180-day notice requirement.

I find the jurisdictional issue of whether Johnson's conduct was "willful and wanton" is intertwined with the merits of the underlying claim for defamation. Thus, Zerr's failure to aver facts from which Johnson's knowledge or intent can be inferred requires not only the dismissal of this action for lack of subject matter jurisdiction, but also the entry of summary judgment against Zerr on the merits of her claim. Because I conclude Johnson is immune from suit, I do not reach the question of whether her statement's were privileged.

### I. *Facts and Procedural Background*

Zerr initiated this action on October 30, 1992, naming as defendants both Johnson and Adams County School District No. 12. The school district was dismissed by stipulation of the parties on December 16, 1993. Jurisdiction over the remaining claim against Johnson is founded on diversity of citizenship, 28 U.S.C. § 1332.

This case has not been a model of efficiency. Zerr amended her complaint twice, struggling to effect service on Johnson each time.[1] And while Johnson filed the instant motion to dismiss on December 13, 1993, numerous motions for extension of time were requested by both sides and briefing (through Defendant's Response to Plaintiff's Surreply) was not complete until December 1994.

Zerr alleges the following facts. Zerr was a teacher at Thornton Elementary School in Adams County from 1966 to 1988. Johnson was the principal at Thornton Elementary during that same period. After the 1987–88 school year, Zerr began a five-year leave of absence. On June 21, 1988, Johnson prepared and signed a letter of recommendation for Zerr, appraising Zerr's teaching performance as excellent. Zerr resigned her position with Adams County in 1989, and moved to Anchorage, Alaska with her husband.

Once in Alaska, Zerr attempted unsuccessfully to obtain a permanent teaching position with the Anchorage School District. During a telephone conversation with Carol Lake of the Anchorage School District Personnel Division in December 1991, Zerr learned Johnson had given her a "very poor oral rating as a teacher" when she was contacted by the Division in December 1989. Johnson's statements to the Division, according to Zerr, were willfully and wantonly defamatory. Zerr contends not only that the information given was false, but that Johnson knew it was false when she gave it. Zerr maintains Johnson's conduct damaged her reputation and cost her a position with the Anchorage School District. She seeks compensatory damages for lost wages and emotional distress, as well as exemplary damages.

### II. *Standard for Motion to Dismiss*

■ Johnson's motion to dismiss is brought under Fed.R.Civ.P. 12(b)(1). John-

---

1. The difficulties were such that I granted Zerr's motion to recover costs incurred in personal service on Johnson in March, 1994, and in June ordered that Johnson pay Zerr in excess of $1,000. *See* Order Granting Motion for Award of Costs Incurred in Personal Service on Defendant, (filed June 24, 1994).

son asserts lack of subject matter jurisdiction both over Zerr's defamation claim because of the 180 day notice bar, and over the defendant, because of sovereign immunity. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924 (Colo.1993) (immunity under the GIA is a jurisdictional issue). The party asserting jurisdiction has the burden of supporting jurisdictional allegations with competent proof. *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). Here, therefore, Zerr has the burden of proving that Johnson is not immune from suit. *Trinity* at 925.

■ Under Rule 12(b)(1), a trial court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, but generally cannot convert a 12(b)(1) motion into one for summary judgment. *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir.1987), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501, *applied in Cizek v. United States,* 953 F.2d 1232 (10th Cir.1992) *and Redmon ex rel. Redmon v. United States,* 934 F.2d 1151, 1155 (10th Cir.1991). Dismissal under Rule 12(b)(1) generally is without prejudice and allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of the court. *See Wheeler,* 825 F.2d at 259, n. 5.

■ Where the jurisdictional issue is "intertwined with the merits of the case," however, the Tenth Circuit recognizes an exception to the general rule and permits the district court to treat the motion as one for summary judgment. *Wheeler,* 825 F.2d at 259. For the reasons set forth below, I find that as pleaded by Zerr, the assertion that Johnson's conduct was "willful and wanton" is both a jurisdictional issue as well as an aspect of Zerr's claim for defamation. I therefore will view Johnson's motion as one for summary judgment. This approach does not prejudice either party. Both have submitted and rely on evidence beyond the pleadings. In reaching my conclusion, I consider the facts in the light most favorable to Zerr as the nonmovant.

### III. *The Colorado Governmental Immunity Act ("GIA")*

With respect to actions against public employees, the GIA provides as follows:

**Actions Against Public Employees—** Any action against a public employee, ... which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant and which arises out of injuries sustained from an act or omission of such employee which occurred or is alleged in the complaint to have occurred during the performance of his duties and within the scope of his employment, *unless the act or omission causing such injury was willful and wanton,* shall be subject to the following requirements and limitations ...

a) compliance with 24–10–109[2] shall be a jurisdictional prerequisite to any such action and failure of compliance shall forever bar any such action against a public employee ... Any such action against a public employee shall be commenced within the time period provided for that type of action in articles 80 and 81 or title 13, C.R.S., relating to limitation of actions, or it shall be forever barred.

Colo.Rev.Stat. § 24–10–118 (1988) (emphasis added). Zerr concedes Johnson is a public employee under the GIA and that she was acting within the scope of her employment when she made the allegedly defamatory statements at issue in this case. Zerr contends, however, that Johnson's actions were "willful and wanton" and that therefore the GIA's notice provisions are inapplicable.

### A. *Willful and Wanton*

■ Zerr's only assertions on the issue of Johnson's intent are that Johnson's "actions in defaming her were willful and wanton," Pl.'s Compl., ¶ 15, and that any "reasonable person could easily conclude that [Johnson's]

---

**2.** Section 24–10–109 imposes a 180–day written notice requirement on any person claiming to have suffered an injury by a public entity or its employee. Compliance with the 180–day notice requirement "shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." C.R.S. § 24–10–109.

lies about [Zerr's] professional conduct were willful and wanton." Pl.'s Surreply in Opp. to Def.'s Mot. Dismiss at 14. The phrase "willful and wanton" is not defined in the GIA. The majority of courts to address the issue, however, have applied the definition set forth in Colorado's exemplary damages statute, C.R.S. § 13–21–102 (1994): Willful and wanton conduct is "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Applied in Moody v. Ungerer,* 885 P.2d 200, 204 (Colo.1994) (citing *Pettingell v. Moede,* 129 Colo. 484, 271 P.2d 1038, 1042 (1954)). *See Navratil v. Parker,* 726 F.Supp. 800 (D.Colo.1989) (applying Colorado law, district court held that defendant would only be liable for willful and wanton conduct if he acted not only negligently, but either with the intent to injure, or in conscious disregard of the probability that his acts would result in injury to the plaintiff.)

Zerr makes no attempt in her complaint to plead the factual basis for her contention that Johnson acted willfully and wantonly. This failure alone is fatal to her efforts to come within the "willful and wanton" exception to the GIA. The GIA was amended effective July 1, 1992—three months before Zerr filed her initial complaint in this action—to require that "in any action in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint." C.R.S. § 24–10–110(5)(a) (1994 Supp.), *discussed in* Marilyn M. Ruland, "The Changing Concept of Governmental Immunity," 23 Colo.Law. 603, 604 n. 38 (1994). Even if the 1992 amendment were inapplicable in this case, however, I would find Zerr's contention that Johnson acted "willfully and wantonly" unsupported by any evidence in the record and ineffectual as a matter of law.

1. *"Willful and wanton" defamation.*

■ Deliberateness or recklessness is a necessary element of a claim for defamation under Colorado law. To state a cause of action for defamation, plaintiff must prove defendant (1) made a statement; (2) which was published to third persons; (3) that the substance of the statement "was false when published"; and (4) that defendant "knew it was false" or made the statement "with reckless disregard as to whether it was false or not." *See* C.J.I.3d 22.1 (1989) (emphasis added). The import of "willfulness and wantonness" in the tort of defamation differs from that in C.R.S. § 13–21–102 by virtue of the object to which each is directed. The question of how one could prove another knowingly or recklessly published a false statement about one is not the same as how one could prove a separate and additional element that the statement was published "heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." The distinction is that in the first instance the statement is published knowing it is false or wantonly indifferent to its falsity whilst in the second instance the publication is uttered with intent or reckless disregard of the injury it causes. *See Walker v. Colorado Springs Sun, Inc.,* 188 Colo. 86, 538 P.2d 450, 458–59 (1975).

Zerr attempts in this case to merge the two concepts. The facts upon which she bases her assertion of "willfulness and wantonness" (if any) are precisely the same as those upon which she bases her claim for defamation. It is not possible to recognize a cause of action for "willful and wanton" defamation under these circumstances. Thus, Zerr's attempt to circumvent application of the GIA by characterizing her claim as one for "willful and wanton" defamation is unavailing.

2. *Zerr has created no triable issue on the question of Johnson's intent.*

■ Even assuming, *arguendo,* that a cause of action for "willful and wanton" defamation exists, Zerr has failed to create a triable issue as to the falsity of Johnson's alleged statements, her knowledge or reckless disregard of their falsity, or her "willfulness and wantonness" generally.

Zerr contends Johnson's conduct was "willful and wanton" because Johnson first gave Zerr a positive written recommendation and then gave the adverse oral rating at issue in this case. Zerr maintains the fact Johnson refused to concede that her written recom-

mendation was a lie creates an inference that the later oral rating was a lie. This argument is neither logical nor persuasive.

Addressing a like argument in a similar case, the Supreme Court of Wisconsin reasoned that "although [d]efendant previously favored [p]laintiff's retention, it does not follow that the latter [less favorable] letter was based upon malice. Earlier acts of kindness do not warrant an inference of bad faith upon occasion of a later, unfavorable comment." *Hett v. Ploetz*, 20 Wis.2d 55, 121 N.W.2d 270, 274 (1963). The same reasoning applies here. Johnson contends the oral rating was based in truth and stated her honest opinion, without malice. The record indicates that Johnson, acting within the scope of her employment, gave a reference to the Anchorage School District based on facts Zerr concedes are mostly true, or at least for which she offers no conflicting facts. Johnson's oral rating, while not glowing, did not contradict her earlier written recommendation. Even if it had, however, no inference of bad faith or malice would be warranted as a result.

### 3. *Summary judgment.*

Zerr avers no facts from which deliberateness, recklessness, or "willfulness and wantonness" on Johnson's part can be inferred. Based on the exception to the general rule that dismissals under Fed.R.Civ.P. 12(b)(1) are without prejudice, this failure requires not only the dismissal of Zerr's action for lack of subject matter jurisdiction, but also entry of summary judgment against Zerr on the merits of the underlying defamation claim. *See Wheeler v. Hurdman*, 825 F.2d at 259 (10th Cir.1987).

Based on the analysis set forth in Section III.A.1, *supra*, I find the elements of pleading necessary for establishing the jurisdictional requirement of willfulness and wantonness to be "intertwined with the merits" of the underlying claim of defamation. Zerr's failure of pleading with respect to the "heedlessness and recklessness" of Johnson's conduct (the standard for "willfulness and wantonness" under C.R.S. § 13–21–102) is fatal to her claim. The additional failure of proof with respect to Johnson's "knowing" or "reckless" publication of false statements about her (necessary elements of the tort of

defamation under C.J.I.3d 22.1) is equally lethal. Under such circumstances, dismissing Zerr's claim without prejudice would be futile. The exception to the general rule prohibiting the treatment of Rule 12(b)(1) motions as motions for summary judgment is necessarily invoked. Therefore, summary judgment shall enter against Zerr and in favor of Johnson. Zerr's complaint is dismissed with prejudice.

### B. *Notice of Claim Requirement— 180 day bar*

■ Because I conclude Zerr has failed to allege sufficient facts to support the exercise of subject matter jurisdiction over this action or to survive summary judgment on her underlying claim for defamation, I need not reach her contention that she satisfied the GIA's 180–day notice requirement because her cause of action did not accrue until she learned the identity of her alleged defamer in December 1991. Nevertheless, I note that under Colorado law, knowledge of a tortfeasor's identity is not required before the GIA's 180–day notice provision begins to run. *See, e.g., East Lakewood Sanitation Dist. v. District Court*, 842 P.2d 233, 234 (Colo.1992) (claim barred by 180–day notice requirement despite fact that plaintiff had been unable to ascertain Sanitation Department's status as potential third party until after period had run); *Woodsmall v. Regional Transp. Dist.*, 800 P.2d 63, 69 (Colo.1990) (general rule that substantial compliance is all that is necessary under GIA does not apply to 180–day notice requirement).

Under *East Lakewood* and *Woodsmall*, claimants must file a written notice substantially complying with each requirement identified in C.R.S. § 24–10–109(2) *"within 180 days after the discovery of the injury."* Zerr concedes she knew both of her poor rating and the identity of the five individuals who could have provided it in September 1991, more than 180 days before Zerr served notice of her claim on the Adams County School District in June 1992. The fact that she did not know which of the five individuals gave her the poor rating until December 1991 is immaterial. Thus, I find no merit in Zerr's assertion that she complied with the GIA's 180–day notice requirement.

### IV. *Conclusion.*

For the foregoing reasons, I find Zerr cannot meet her burden of proving Johnson is not immune from suit under the GIA and that this court has subject matter jurisdiction over her claim. Because the jurisdictional issue is intertwined with the merits of Zerr's underlying claim of defamation, I view Johnson's motion to dismiss under Fed.R.Civ.P. 12(b)(1) as a motion for summary judgment. I have considered the allegations and evidence presented in the light most favorable to Zerr, and conclude Johnson is entitled to judgment as a matter of law. Accordingly,

It is ORDERED that judgment shall enter in favor of defendant and against plaintiff on plaintiff's defamation claim. Zerr's complaint is dismissed with prejudice, with both sides to bear their own costs except for those to which defendant is entitled as the prevailing party under 28 U.S.C. § 1920.