**Mylene Rae ZERR, Plaintiff,**

v.

**Nancy Jo JOHNSON, Defendant.**

**Civ. A. No. 92–K–2148.**

United States District Court,
D. Colorado.

Nov. 16, 1995.

Themia E. Sandven, Der ver, CO, for plaintiff.

Pattie J. Ragland, Robert A. Weinberger, Weinberger & Kanan, P.C., Denver, CO, for defendant.

## ORDER DENYING DEFENDANTS' REQUEST FOR ATTORNEY FEES

KANE, Senior District Judge.

Elementary school teacher Mylene Rae Zerr initiated this diversity defamation action against her former principal Nancy Jo Johnson and Adams County School District No. 12 on October 30, 1992. Zerr's claims

against the School District were dismissed by stipulation of the parties on December 16, 1994. In my Memorandum Opinion and Order dated July 28, 1995, I ordered summary judgment enter in favor of Johnson on Zerr's claims, concluding Zerr's allegations of willfulness and wantonness were not sufficient to overcome the immunity to which Johnson was entitled under Colorado's Governmental Immunity Act. *Zerr v. Johnson,* 894 F.Supp. 372 (D.Colo.1995). Before me now is Defendants' joint motion for attorney fees. I deny the motion and order the parties to bear their own costs in this action, including attorney fees.

## MERITS

■ The facts and procedural history of this case were set forth fully in my Memorandum Opinion and Order of July 28, 1995, and will not be repeated. Defendants assert an award of fees is mandatory in this case under Colo.Rev.Stat. § 13–17–201 (1989). Section 13–17–201 provides that

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

Application of the statute is not limited to tort actions alleging physical injury; it applies equally to tort action in which the only injury alleged is economic. *Houdek v. Mobil Oil Corp.,* 879 P.2d 417, 423 (Colo.App.1994), *cert. denied,* (Aug. 29, 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1100, 130 L.Ed.2d 1068 (1995). ■ In enacting § 13–17–201, the Colorado General Assembly sought to deter the initiation or maintenance of unnecessary litigation concerning tort claims. *Employers Ins. of Wausau v. RREEF USA Fund–II (Colorado), Inc.,* 805 P.2d 1186, 1188 (Colo.

App.1991). To this end, the statute "requires that defendants be awarded their reasonable attorney fees whenever a tort action is dismissed prior to trial on the basis of a motion under Colo.R.Civ.P. 12(b)." *Id.*

### A. The District's Request

■ In the stipulated dismissal signed by the School District and Zerr, "[t]he District specifically reserve[d] the right to assert its claim for an award of attorney's fees and costs based upon the [District's] Motion to Dismiss, as if the Motion to Dismiss had been granted upon the merits after fully contested hearing." Stip. Dismissal with Prejudice at 2. This provision, the District argues, turned Zerr's voluntary dismissal into a dismissal "under rule 12(b)" for the purposes of § 13–17–201, and entitles it to fees. I am unpersuaded. As the Colorado Court of Appeals noted in *Wausau,* § 13–17–201 by its terms "does not apply to all pretrial dismissals" and by implication allows a plaintiff to avoid liability for a defendant's attorney fees by seeking a voluntary dismissal, filing a stipulation of dismissal, or by confessing a defendant's motion to dismiss under Rule 12(b). *Wausau,* 805 P.2d at 1188, *applied in Houdek v. Mobil Oil Corp.,* 879 P.2d 417, 424 (Colo.App.1994).

In *Wausau,* plaintiff elected voluntarily to consent to dismissal by filing a confession to the defendant's Rule 12(b) motion. The defendant argued the confession exacted a dismissal "under Rule 12(b)" for the purposes of § 13–17–201 and, much like the District here, claimed it was entitled to its fees. The Court of Appeals disagreed. Finding defendant's construction of the statute "absurd" and "illogical," the court concluded the General Assembly "did not intend § 13–17–201 to apply to a situation in which, as here, a plaintiff files a confession to a defendant's 12(b) motion to dismiss in such a manner that defendant is not required to expend additional efforts beyond the filing of its motion." *Id. Wausau* is indistinguishable from the case at bar. The "reservation" of the District's right to request fees based on its Motion to Dismiss is of no consequence. The right was reserved, and the request is denied.

## B. *Johnson's Request*

█ Johnson, too, seeks an award of attorney fees based on § 13–17–201. She contends she is entitled to her fees notwithstanding my conversion of her Rule 12(b)(1) motion to dismiss to a motion for summary judgment under Rule 56. *See Zerr v. Johnson*, 894 F.Supp. at 375 (finding jurisdictional issue of willfulness and wantonness under Governmental Immunity Act was "intertwined" with merits of defamation claim such that motion could be treated as one for summary judgment). Johnson maintains that while I went on to consider the merits of Zerr's claims under a Rule 56 standard, I first found Zerr's failure to aver sufficient facts from which willfulness or wantonness could be inferred "required . . . a dismissal . . . for lack of subject matter jurisdiction." *Zerr v. Johnson*, 894 F.Supp. at 372. In reaching this conclusion, Johnson argues, I did not look to matters outside the pleadings and instead conducted a straightforward Rule 12(b) review. Thus, Johnson concludes, the conversion of her motion was for the purposes of judicial economy, and not because it was necessary for proper consideration of sovereign immunity issue. To construe § 13–17–201 to deny her fees under these circumstances would, Johnson argues, "severe[ly] prejudice" her in contravention of § 13–17–201.

Zerr contends Johnson's reasoning was rejected by the Colorado Supreme Court in *Willer v. City of Thornton*, 817 P.2d 514, 520–21 (1991) (en banc). In *Willer*, the trial court dismissed plaintiff's negligence claims against the City of Thornton as being barred by § 24–10–106(1)(d) of the Governmental Immunity Act. The court denied the City's motion for fees under § 13–17–201, however, stating that the City's motion to dismiss "was treated as a [m]otion for [s]ummary [j]udg-ment in this case," and that therefore § 13–17–201 "does not apply." *See Willer*, 817 P.2d at 520.

Johnson attempts to distinguish *Willer* by stating that case involved the application of Rule 12(b) of the Colorado Rules of Civil Procedure, and not the rule's federal counterpart at issue here. Johnson's distinction is without merit. The rules are substantively identical. Were I to adopt Johnson's reasoning, moreover, I would have to find § 13–17–201 inapplicable in diversity cases generally. Diversity cases such as the one before me proceed under the Federal Rules of Civil Procedure. Section § 13–17–201 refers only to "rule 12(b) of the Colorado rules of civil procedure." Johnson also tries to distinguish *Willer* by arguing that decision turned on the court's finding that plaintiff's claims were not frivolous. Reply Mot. Fees at 5–6. Because Zerr's claims here were "clearly flawed and without merit," Johnson argues *Willer* should not apply. I disagree.

The fact I found Zerr's allegations of willfulness and wantonness insufficient on their face to support subject matter jurisdiction under the Governmental Immunity Act does not render the dismissal one under Rule 12(b)(6). In *Willer*, the court stated that in deciding the question of sovereign immunity, the trial court "necessarily construed the [sovereign immunity] Act" and issued a legal finding that disposed of the case. 817 P.2d at 521. That the trial court considered no matters outside the pleadings in doing so was deemed inconsequential. *Id.* The same reasoning applies here. Accordingly, I find Johnson's efforts to distinguish Willer unpersuasive and reject her claim for fees under § 13–17–201.[1]

█ In the alternative, Johnson contends she is entitled to fees under § 24–10–

---

1. Moreover, as set forth more fully below, my finding that Zerr's failure to plead the factual basis for her contention that Johnson acted willfully and wantonly was "fatal" to her claims under Colo.Rev.Stat. § 24–10–110(5)(a) was in error. The heightened pleading requirements set forth in subparagraph (5)(a) of the Act were enacted in 1992 and made applicable to claims arising out of injuries occurring on or after July 1, 1992. Zerr's alleged injuries in this case arose out of conduct that occurred before that date. Thus, it was my finding that Zerr's claims failed as a matter of law "even if the 1992 amendment[s] [to the Act] were inapplicable" that forms the proper basis for consideration of the fee issue. *See Zerr v. Johnson*, 894 F.Supp. at 376. In reviewing the sufficiency of Zerr's claims under the old Act, I looked to evidence outside the pleadings and found Zerr's allegations of willfulness and wantonness were "unsupported by any evidence in the record."

110(5)(c) of the Governmental Immunity Act. Effective July 1, 1992 and applicable to injuries occurring on or before that date, § 24–10–110(5)(c) provides that in any action against a public employee in which exemplary damages are sought based on allegations of willfulness and wantonness, "if the plaintiff does not substantially prevail on his claim that such act or omission was willful and wanton, the court shall award attorney fees against the plaintiff or plaintiff's attorney or both." Colo.Rev.Stat. § 24–10–110(5)(c) (1995 Supp.). Before the amendment, § 24–10–110(5) provided that fees would be awarded under those circumstances "unless the court determines it is unjust." *See* Colo.Rev. Stat. § 24–10–110(5) (1988 Repl.Vol.)

Johnson, relying on my application of the revised Act in my July 28, 1995 Memorandum Opinion and Order, asserts the new § 24–10–110(5)(c) applies and mandates an award of fees without inquiry into whether an award is "just" or "unjust." Zerr maintains the older version of the Act applies, and argues any award of fees in favor of Johnson would be "unjust" under its terms. I agree.

In my July 28 Memorandum Opinion and Order, I determined that the new version of the Act applied to Zerr's claims because it went into effect July 1, 1992, "three months before Zerr filed her initial complaint in this action." *Zerr v. Johnson,* 894 F.Supp. at 376. This was in error. As Zerr now points out, Section 8 of the 1992 Laws, Colorado House Bill 92–1291 specifically provided that the amendments "shall take effect July 1, 1992, and shall apply to injuries occurring on or after said date." Zerr's notice of claim was based on allegedly defamatory statements made by Johnson in December 1991 and December 1989. Thus, this case is governed by the Governmental Immunity Act as it existed before the 1992 amendments.[2]

Based on the old § 24–10–110(5), I find that to assess attorney fees against Zerr in this case would be unjust. I previously noted the costs Zerr incurred as a result of

Johnson's obdurate and hypertechnical efforts to evade service. *See Zerr v. Johnson,* 894 F.Supp. at 372 n. 1. Moreover, I find the purposes of the Act's fee-shifting provisions would not be vindicated by an award of fees against Zerr in this case. Zerr's claims were not frivolous, her conduct reasonable, and her aim the vindication of rights she believed had been violated by public employee Johnson. That she ultimately failed to qualify for the willfulness and wantonness exception to the Governmental Immunity Act does not justify the imposition of sanctions. Accordingly, I also deny Johnson's request for fees under § 24–10–110(5).

---

2. This does not alter the findings or effect of my July 28 Memorandum Opinion and Order. After finding Zerr's allegations inadequate under new § 24–10–110(5)(a), I went on to conclude that Zerr had failed to raise a triable issue as to the

willfulness and wantonness of Johnson's acts "even if the 1992 amendment were inapplicable in this case." *Zerr v. Johnson,* 894 F.Supp. at 376.