**Filed 5/6/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

MYLENE RAE ZERR,

      Plaintiff - Appellant,

      v.

NANCY JO JOHNSON,

      Defendant - Appellee.

No. 95-1406

(D. Colorado)

(D.C. No. 92-K-2148)

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mylene Rae Zerr brought this diversity action for defamation, alleging that her former principal Nancy Jo Johnson willfully and wantonly slandered her when she gave a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

negative reference regarding Zerr's abilities as a primary school teacher. The district court converted Johnson's motion to dismiss for lack of subject matter jurisdiction to a motion for summary judgment, finding that an essential element for establishing jurisdiction was intertwined with a determination on the merits. In this pro se appeal, Zerr contends that the court erred in finding that she had failed to allege sufficient facts either to establish subject matter jurisdiction or to create a jury question on the merits. For the reasons stated below, we affirm.

The facts are fully set forth in the district court's opinion. Zerr v. Johnson, 894 F. Supp. 372 (D. Colo. 1995) (granting summary judgment against Zerr) ("Zerr I"); see also Zerr v. Johnson, 905 F. Supp. 872 (D. Colo. 1995) (declining to award attorney's fees to Johnson) ("Zerr II").

Under the Colorado Governmental Immunity Act ("GIA"), Colo. Rev. Stat. Ann. §§ 24-10-101 to 120, public employees such as Johnson are immune from tort liability, except for injuries resulting from specifically enumerated categories of governmental activity or from acts which are willful and wanton.[1] The proper procedure for asserting

---

[1]Colo. Rev. Stat. Ann. § 24-10-105 provides in relevant part that "no public employee shall be liable for injuries arising out of an act . . . occurring during the performance of his duties and within the scope of his employment, unless such act . . . was willful and wanton, except as provided in this article." This exception for willful and wanton acts is repeated in § 24-10-118 which specifically covers public employees.

A 1992 amendment to the GIA added practical restrictions to bringing an action for injury resulting from a public employee's willful and wanton tortious act. However,

(continued...)

governmental immunity under the GIA is a motion to dismiss for lack of subject matter jurisdiction. Trinity Broadcasting v. City of Westminister, 848 P.2d 916, 924-25 (Colo. 1993) (looking to construction of Fed. R. Civ. P. 12(b)(1) for guidance in construing the identical Colo. R. Civ. P. 12(b)(1)).

Following service of the complaint, Johnson moved to dismiss, alleging that she was immune from suit under the GIA. Specifically, Johnson asserted a limitations bar due to Zerr's failure to file a notice of claim within one hundred eighty days of the date Zerr discovered the alleged injury as required by section 24-10-109. Additionally, Johnson asserted immunity from suit, noting that immunity for injury from defamation was not specifically waived under the GIA, and arguing that Zerr had not alleged sufficient facts to establish willful and wanton conduct which could otherwise overcome the GIA's general immunity.

Zerr countered by arguing that the limitations bar does not apply since the conduct was willful and wanton, and that in any event, she had filed her notice in a timely manner.[2] She further argued that Johnson enjoyed no immunity from suit, since the

---

[1](...continued)
since Zerr's alleged injury occurred prior to the amendment's effective date, the former provisions apply to her action. See Zerr II, 905 F. Supp. at 875 n.1.

[2]Subsection 24-10-118(1) specifically excepts a person injured by a willful and wanton act from the 180-day written notice requirement. Zerr devotes much of her opening brief to the limitations argument, although the district court did not base its holding on that defense. Rather, the district court ruled on the merits, and only considered the limitations bar alternatively. Our own disposition on the merits does not

(continued...)

defamation had been willful and wanton. Under section 24-10-108, the court allowed

limited discovery as necessary to decide the issue of sovereign immunity.[3]

A. <u>Willful and wanton conduct under the GIA and as an aspect of the alleged tort</u>.

The GIA does not expressly define "willful and wanton." Therefore, the district court

looked to Colorado's exemplary damages statute, Colo. Rev. Stat. Ann. § 13-21-102, and

applied that definition: "Willful and wanton conduct is 'conduct purposefully committed

which the actor must have realized as dangerous, done heedlessly and recklessly, without

regard to consequences, or of the rights and safety of others, particularly the plaintiff.'"

<u>Zerr I</u>, 894 F. Supp at 376 (citing <u>Moody v. Ungerer</u>, 885 P.2d 200, 204 (Colo. 1994))

(approving such an application). The district court then noted that "[t]he facts upon

which [Zerr] bases her assertion of 'willfulness and wantonness' (if any) are precisely the

same as those upon which she bases her claim for defamation." <u>Id.</u> That is, Zerr

specifically claimed that Johnson deliberately defamed her, knowing that the statements

were false and in reckless disregard of the truth.

When the "jurisdictional question is intertwined with the merits of the case, the

issue should be resolved under 12(b)(6) or Rule 56." <u>Wheeler v. Hurdman</u>, 825 F.2d 257,

_____

[2](...continued)
require us to consider this argument.

[3]Section 24-10-108 provides that "[i]f a public entity raises the issue of sovereign
immunity prior . . . to discovery, the court shall suspend discovery except any discovery
necessary to decide the issue of sovereign immunity, and shall decide such issue on
motion."

259 (10th Cir.), <u>cert. denied</u>, 484 U.S. 986 (1987).  Thus, the court properly converted the Rule 12(b)(1) motion to a Rule 56 motion.[4]  <u>Id.</u>

B.  <u>Standard of review</u>.  We review a grant of summary judgment de novo, applying the same standard as the trial court.  <u>Lancaster v. Air Line Pilots Ass'n Int'l.</u>, 76 F.3d 1509, 1516 (10th Cir. 1996).  Summary judgment is proper when "there is no genuine issue as to any material fact and . . .  the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We review the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  <u>Wolf v. Prudential Ins. Co.</u>, 50 F.3d 793, 796 (10th Cir. 1995).  However, the mere

---

[4]Zerr's pleadings and other submissions specifically incorporate recklessness or malice as an element of the underlying tort, and thus, the court's analysis of the common aspect of the jurisdictional question and the underlying cause of action was proper.

However, the court may have over-generalized in its statement that "[d]eliberateness or recklessness is a necessary element of a claim for defamation under Colorado law."  <u>Zerr I</u>, 894 F. Supp. at 376.  Rather, unless a public figure or issue of public concern is involved, a publisher's mere negligence may support a claim for defamation.

> In Colorado, the elements of a cause of action for defamation are:  (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication.

<u>Williams v. District Court, Second Judicial Dist.</u>, 866 P.2d 908, 911 n.4 (Colo. 1993).  In any event, given the broad latitude for the publisher's state of mind in ordinary defamation, the court properly looked to Zerr's specific pleading in this case.

allegation of some factual dispute will not defeat an otherwise properly supported motion for summary judgment, and a mere scintilla of evidence does not create a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The inquiry is "'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed'" Id. at 252 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448 (1872)). With respect to those issues for which he carries the burden of proof, the nonmoving party must produce specific facts "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves" if a properly supported summary judgment motion is to be avoided. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Thus, a party's conclusory allegations are not sufficient to defeat a properly supported motion. Milton v. Scrivner, Inc., 53 F.3d 1118, 1125 (10th Cir. 1995).

After thoroughly reviewing the record, we agree with the district court that Zerr failed to present more than a scintilla of evidence which is insufficient to create a jury question on the issue of willful and wanton conduct on her stated claim for defamation.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge